WILLIAM DOLSON v. JACOB HILL.

ALTHOUGH a replication *de injuria absque tali causa* is a sufficient and complete answer to a plea of excuse or justification when it is wholly untrue, it is otherwise when it admits the plea to be partially true, and should conclude in such case with a verification. And to such a replication it is neither necessary or allowable for the defendant in the action to new assign the *locus in quo* by metes and bounds in his rejoinder to it.

ACTION for assault and battery by William Dolson against Jacob Hill. The pleas were not guilty, and that the defendant was possessed of a certain close in Appoquinimink hundred, which the plaintiff broke and entered, and from which he attempted to carry away certain hoop-poles, which he resisted, as it was lawful for him to do, and if any injury happened to the plaintiff thereby, it was done in defence of the possession of the close, to which the plaintiff specially replied that the plaintiff had before that sold him the hoop-poles with the right and privilege of going upon his land and cutting and hauling them away, and whilst so upon his land, he, of his own wrong, committed the assault and battery upon him, *absque hoc* that the plaintiff, with force and arms, and with a strong hand did attempt to break and enter, or did forcibly break and enter the close of the plaintiff to carry away certain hoop poles, and this he was ready to verify, &c. The defendant rejoined new-assigning the *locus in quo* by metes and bounds, traversing the replication that the plaintiff entered it under a contract with him, or with his leave and license to cut hoop-poles thereon, and also concluding it with a verification; to which the plaintiff sur-rejoined that he did enter the said close as described and set forth in the defendant's rejoinder under a contract made with him for the purchase and cutting of hoop-poles as alleged by the plaintiff in his replication, and with the license and consent of the defendant, with conclusion to the country.

*G. B. Rodney, for the defendant,* called the attention of the court to the second and special plea of the defendant and the replication of the plaintiff to it, which he objected should not have concluded with a verification, but to the country, as it merely traversed the plea, and every replication *de injuria* merely traversed the plea of justification, and took issue upon it. 1 *Sel. N. P.* 26. *Steph. Pl.* 186.

*Gordon, for the Plaintiff.* The replication was right, for

it replied new matter to the special plea of defence. It was true the assault and battery was committed on the lands of the defendant, but the plaintiff had entered peaceably upon them under a contract with him to buy the hoop-poles, and was there by his leave and license cutting them when the defendant made the unprovoked and outrageous attack upon him, which had been proved in the case.

*The Court, Houston, J., charged the jury.* It was at a late stage of the case to raise such a question of pleading in it, as was now, for the first time, presented to the consideration of the court; but if it could now be entertained, he might well say in reply to it, that although it is said in the books that a replication *de injuria absque tali causa* is in general a proper answer and sufficient replication to a plea of excuse, such as this purported to be upon its face, when it is wholly untrue, yet, we are not aware of any rule of pleading, which would forbid a plaintiff from replying specially to it, even if it was wholly untrue in point of fact. But the plea of the defendant in this case was not wholly untrue, for so much of it was true, at least, as alleges that the plaintiff was upon the defendant's land, and was cutting and carrying away hoop-poles from it, and as he could not deny that fact, and nothing had yet been disclosed in the pleading to show that he was there rightfully and lawfully, it was not only allowable, but proper, to reply specially that he was there by his leave and license, and by virtue of a contract with him, under which he had bought them of him, with the right and privilege of entering upon his premises and cutting and carrying them away. If a defendant has pleaded *mollitur manus imposuit* in defence of the possession of his close, the plaintiff, if he claims a right of way, must reply specially. 1 *Ch. Pl.* 564; and this case is very similar to it. We have been, however, much more struck with the unprecedented novelty and singularity of a new assignment by a defendant in such an action, which we now find for the first time, in our own or any other

23

practice, in the sur-rejoinder of the defendant in this case, new assigning the *locus in quo* by metes and bounds. This is sometimes necessary to be done by a plaintiff in actions somewhat similar to this, but it is never necessary, and is not allowable, for a defendant in any case. The facts in evidence were before the jury, and it would be for them to pass upon the weight and effect of them, and if in their judgment the plaintiff was entitled to recover upon the evidence, and circumstances of gross aggravation, outrage and cruelty, which characterized the assault and battery committed upon him by the defendant, they might award him exemplary damages.